```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                         FORT MYERS DIVISION
```

JUAN FRANCISCO VEGA,

        Plaintiff,

v.                              Case No: 2:19-cv-717-FtM-29MRM

REBECCA KAPUSTA, Secretary, Florida Department of Children and Families and DONALD SAWYER, Administrator, Florida Civil Commitment Center,

        Defendants.

## ORDER OF DISMISSAL WITHOUT PREJUDICE

This matter comes before the Court upon review of the file. Plaintiff Juan Francisco Vega ("Vega") sued by filing a *pro se* Civil Rights Complaint under 42 U.S.C. § 1983 on October 2, 2019. (Doc. #1, Complaint). Vega attaches a "Sworn Affidavit" to his complaint. (Doc. #2, Affidavit). Vega seeks to proceed *in forma pauperis*. (Doc. #8). For the reasons set forth below, the Court dismisses the Complaint without prejudice.

### BACKGROUND

Vega is civilly committed to the Florida Civil Commitment Center ("FCCC") under the Sexual Violent Predators Act ("SVPA"), Fla. Stat. §§ 394.910-.913. Under the SVPA, a person found to be a sexually violent predator must be housed in a secure facility

"for control, care, and treatment until such time as the person's mental abnormality or personality disorder has so changed that it is safe for the person to be at large." Fla. Stat. § 394.917(2). The Complaint names the [former] Secretary for the Florida Department of Children and Families, Rebecca Kapusta, and FCCC Director, Donald Sawyer as defendants. (Doc. #1 at 2). Vega challenges an internal FCCC policy called "PRG-11" as unconstitutional. (Id. at 3-6). Vega argues PRG-11 is "basically a copycat" of the disciplinary policy utilized by the Florida Department of Corrections (FDOC). (Id. at 3, ¶ 7). Vega reasons, because he is not a prisoner and because PRG-11 mirrors the FDOC disciplinary policy, PRG-11 amounts to punishment and is unconstitutional. Vega states he attaches "an FCCC Resident Grievance" to the Complaint "which demonstrates the severity of the punishments being imposed by the Defendants at the FCCC." (Id. at 6, ¶ 20). The Complaint contains no exhibits or attachments. The purpose of Vega's Affidavit at this stage of the proceedings is unclear. However, the Affidavit does not contain factual allegations but instead references various Florida statutes and contains argument. An affidavit "must set forth specific facts in order to have any probative value." Evers v. General Motors Corp., 770 F. 2d 984, 986 (11th Cir. 1985). As relief, Vega seeks one million dollars in compensatory and punitive

damages and a permanent injunction enjoining Defendants from enforcing PRG-11. (Doc. #1 at 6-7).

## LEGAL STANDARD

The Court recognizes that Vega is not a prisoner. Despite Vega's non-prisoner status, because he seeks to proceed *in forma pauperis*, the Court must review the amended complaint under 28 U.S.C.§ 1915(e)(2) and dismiss the case if it determines the complaint is frivolous, malicious or fails to state a claim. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii); Troville v. Venz, 303 F.3d 1256, 1260 (11th Cir. 2002). Essentially, § 1915(e)(2) is a screening process to be applied *sua sponte* during the proceedings. While *pro so* complaints are held to "less stringent standards" than those drafted and filed by attorneys, Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citations omitted), the standard pleading requirements under Fed. R. Civ. P. 8 and Fed. R. Civ. P. 10 still apply to *pro se* complaints. Giles v. Wal-Mart Distribution Ctr., 359 F. App'x 91, 92 (11th Cir. 2009). The complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," and "each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(a)(2), (d)(1). "[A] lengthy . . . personal narrative suggesting, but not clearly and simply stating, a myriad of potential claims" does not meet the pleading requires of Rules 8 and 10. Giles, 359 F. App'x at 93.

This Court uses the standard for Fed. R. Civ. P. 12(b)(6) dismissals for dismissals under §1915(e)(2)(B)(ii). See Alba v. Montford, 517 F.3d 1249, 1252 (11th Cir. 2008). Under Rule 12(b)(6), a complaint may be dismissed if the claim alleged is not plausible. See Bell Atlantic v. Twombly, 550 U.S. 544, 556 (2007). All pleaded facts are deemed true for Rule 12(b)(6), but a complaint is still insufficient without adequate facts. See id. at 556. The plaintiff must assert enough facts to allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). The asserted facts must "raise a reasonable expectation that discovery will reveal evidence" for the plaintiff's claim. *Twombly*, 550 U.S. at 556. "[L]abels . . . conclusions, and a formulaic recitation of the elements of a cause of action" are not enough to meet the plausibility standard. *Id*. at 555.

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff first must allege a violation of a right secured by the Constitution or under the laws of the United States; and, second allege that the deprivation was committed or caused by a person actin under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); Arrington v. Cobb County, 139 F.3d 865, 872 (11th Cir. 1998). "[C]omplaints in § 1983 cases must . . . contain either direct or inferential allegations respecting all the material

elements necessary to sustain a recovery under some viable legal theory." Randall v. Scott, 610 F.3d 701, 707 n.2 (11th Cir. 2020) (citation and internal quotation marks omitted). Further, plaintiff must allege a causal connection between the defendant's conduct and the alleged constitutional deprivation. Swint v. City of Wadley, Ala., 51 F.3d 988, 999 (11th Cir. 1995). Because Plaintiff is *pro se*, the Court must liberally construe the amended complaint. Tannenbaum v. United States, 148 F. 3d 1262, 1263 (11th Cir. 1998)(per curiam). Courts, however, are not under a duty to "re-write" a plaintiff's complaint to find a claim. Peterson v. Atlanta Hous. Auth., 998 F.2d 904, 912 (11 Cir. 1993). Nor is the Court required to credit a *pro se* plaintiff's "bald assertions" or "legal conclusions" as facts. Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure, § 1357 (3d ed. 2013)(noting that courts, when examining a 12(b)(6) motions have rejected "legal conclusions," "unsupported conclusions of law," or "sweeping legal conclusion . . . in the form of factual allegations.").

## DISCUSSION

Turning to this case, the Court finds the Complaint subject to dismissal under 28 U.S.C. § 1915(e)(2)(B). The Complaint does not allege sufficient facts that Defendants deprived Vega of any of his constitutional rights by implementing PRG-11. Other than

arguing that PRG-11 is punitive, Vega does not state which of his constitutional rights PRG-11 infringes. Liberally construing the Complaint, it appears Vega suggests his Fourteenth Amendment due process rights are being violated because the FCCC adopted the same policy that FDOC uses and thus the implementation of this policy at the FCCC makes the FCCC akin to a prison, which *per se* is punitive and violates his constitutional rights. (Doc. #1 at 3-6). Vega fails to provide a copy of PRG-11, fails to point to any portion or language of PRG-11 , or otherwise fails to explain how PRG-11 violates his due process rights. Instead, Vega generally claims that because PRG-11 is utilized by FDOC it is punitive *per se* and as a civilly committed person he should be subject to the same regulations as a mentally ill person committed under the Baker Act.

Due process requires that the conditions of confinement of a non-prisoner not amount to punishment. Bell v. Wolfish, 441 U.S. 520, 535 (1979). Whether a condition of confinement amounts to "punishment" depends on whether the challenged condition is imposed for punishment or whether it is incident to some other legitimate government purpose. Id. at 50, 535, 538 n. 16. Although not a prisoner, sexually violent predators like other civil detainees are unquestionably subject to security measures similar to those employed by corrections officials. *Id*. at 540;

see also Allen v. Illinois, 478 U.S. 364, 373-74 (1986)(detainees may "be subjected to conditions that advance goals such as preventing escape and assuring the safety of others, even though they may not be punished"). Other than Vega's conclusory allegation that PRG-11 is punitive, the Complaint is devoid of factual allegations from which the Court can plausibly construe that PRG-11 is intended to punish Vega.

Additionally, Plaintiff does not establish he has standing to challenge PRG-11. "Article III standing is a prerequisite to a federal court's exercise of subject-matter jurisdiction." JW by and through Tammy Williams v. Birmingham Bd. Of Ed., 904 F.3d 1248, 1264 (11th Cir. 2018). To have standing, besides alleging a causal connection between a defendant's action and alleged constitutional deprivation, a party must have sustained an injury as result of the conduct complained of, and that the court's favorable decision will address the injury. Susan B. Anthony List v. Driehaus, 573 U.S. 149, 158(2014). Vega seeks both compensatory damages and injunctive relief but does not allege he has been disciplined under PRG-11. Vega does not allege that he has ever been disciplined under PRG-11. (See generally Doc. #1). Further because Vega identifies no language of PRG-11 or otherwise fails to explain how it violates his constitutional rights, the Court cannot discern of whether a future injury if likely to occur. See e.g. Honig v.

Doe, 484 U.S. 305, 320 (1988)(whether injury is likely to occur depends in part whether plaintiff is likely to engage in same conduct).

Finally, Vega's argument that his status should be compared to mentally ill individuals committed under the Baker Act is similarly unpersuasive. The state legislature expressly recognized that commitment under the Baker Act was "inappropriate" for individuals sought to be committed under the SVPA. Significantly, in its statement of "findings and intent," the state legislature said that the SVPA was aimed at "a small but extremely dangerous number of sexually violent predators . . . who do not have a mental disease or defect that renders them appropriate for involuntary treatment under the Baker Act (§§ 394.451-394.4789, Fla. Stat.)" § 94.910, FLA. STAT. (2000); see also, Westerheide v. State, 831 So. 2d 93, 112 (Fla. 2002)(rejecting plaintiff's equal protection argument on the basis, *inter alia,* that it "rests on the false premise that individuals subject to commitment under the [SVPA] are similarly situated to mentally ill persons committed under the Baker Act."); see also Kansas v. Hendricks, 521 U.S. 346, 358 (1997)("we have sustained civil commitment statutes when they have coupled proof of dangerousness with the proof of some additional factor such as mental illness or mental abnormality")(internal quotations omitted). Thus, Vega's status

as civilly committed person under the SVPA is not analogous to a person committed under the Baker Act. Consequently, the Court finds the Compliant fails to state a plausible claim.

In certain circumstances, a *pro se* litigant must be given an opportunity to amend a complaint before the Court dismisses a complaint for failing to state a claim. See Bank v. Pitt, 928 F. 2d 1108, 1112 (11th Cir. 1991) overruled in part by Wagner v. Daewoo Heavy Induc. Am. Corp., 314 F.3d 541, 542 (11th Cir. 2002)(en banc),(stating court should permit opportunity to amend before dismissing action with prejudice); Brown v. Johnson, 387 F.3d 1344, 1349 (11th Cir. 2004) (finding "[b]ecause [plaintiff] filed his motion to amend before the district court dismissed his complaint and before any responsive pleadings were filed, [plaintiff] had the right to amend his complaint under Rule 15(a)."); see also Troville v. Venz, 303 F.3d 1256, 1260 (finding "no error" in district court's sua sponte dismissal but because plaintiff requested leave to amend before dismissal court should have granted leave); Bryant v. Dupree, 252 F.3d 1161, 1163-64 (11th Cir. 2001) (finding district court's denial of motion to amend in response to motion to dismiss improper). Because the Court is dismissing the action without prejudice, Plaintiff may initiate a new action if he believes he can plausibly state a claim. Plaintiff, however, must file a new complaint accompanied by the

requisite filing fee or request to proceed *in forma pauperis* in a new action and must not use this case number on his new complaint.

Accordingly, it is now

**ORDERED:**

1. The complaint is **DISMISSED without prejudice** under 28 U.S.C. § 1915(e)(2)(ii).

2. The Clerk will enter judgment, deny any pending motions as moot, terminate any deadlines, and close the file.

**DONE and ORDERED** at Fort Myers, Florida, this __20th__ day of February, 2020.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies:
Counsel of Record